Iris Rosa Fournier Hernández, Plaintiff, Appellee, and Appellant, *v.* Ramón Antonio Fournier, Defendant, Appellant, and Appellee.

No. 10586.   Argued December 16, 1952.—Decided June 17, 1955.

*F. Fernández Cuyar* for appellant-appellee.   *E. Martínez Rivera* for appellee-appellant.

Mr. Justice Sifre delivered the opinion of the Court.

Iris Rosa Fournier Hernández brought an action in the former District Court of Puerto Rico, San Juan Section, against her father, Ramón Antonio Fournier, claiming in the first cause of action the liquidation and payment to her, as heir of her mother, Iris Nereida Hernández Matos, of the

corresponding share of the property belonging to the conjugal partnership composed of the latter and the defendant, and of the fruits and accessions; and in the second, the sum of $100,000 as compensation for the damages sustained as a result of the unlawful and voluntary killing of her mother by the defendant. After the complaint was answered and the case heard on the merits, the lower court rendered judgment sustaining the complaint as to the two causes of action, awarding to plaintiff the sum of $25,000. The defendant was also ordered to pay the sum of $2,500 for attorney's fees, and the costs of litigation. Both parties appealed from the judgment. We proceed to consider first the errors assigned by defendant in support of his appeal.

■ In the first assignment he contends that the judgment appealed from is contrary to law, according to the authorities of this Court. The attack is addressed to the pronouncement ordering him to pay compensation, and rests primarily on the ruling announced in *Guerra v. Ortiz*, 71 P.R.R. 574. The problem is posed by appellant in this question: "Has an unemancipated minor a cause of action against his father, under § 1802 of the Civil Code, because of damages suffered as a result of the latter's negligence?" That, in his opinion, "is the principal question for decision . . . ." The problem, as revealed by the record, is more accurately stated in the following question: May an unemancipated minor daughter bring action against her father, claiming damages caused to her through the death of the mother as a result of a criminal act, while the mother and father are divorced and separated and the daughter is under the care and custody of the mother and maintains no family relations with the father? Appellant alleges that the answer is found, in a negative sense, in the decision of this Court in the *Guerra* case, *supra*.

In that case, an unemancipated minor who was living with his parents and maintained family relations with them brought action against the father and against an insurance company claiming compensation for damages,

alleging that while riding in an automobile driven by his father he suffered, through his father's negligence in driving at excessive speed and without due precautions, the fracture of the left arm. The judgment of the lower court, which was favorable to plaintiff, was reversed by this Court on the strength of the rule that it is contrary to public policy, which favors the family unity and the peace and discipline of the home, to permit children to bring action against their parents claiming compensation for damages sustained through the negligent or tortious acts or omissions of the latter. That rule was rightly applied in that case since, there being a family unity to protect and paterno-filial relationship to preserve, it would have been contrary to and would have impaired and prejudiced public policy to permit such action to prevail. Indeed, it was not our intention, in announcing that rule, to make it an absolute one to grant immunity to parents against actions filed by their children on grounds of fault or negligence, solely because of blood ties, without such immunity being warranted by considerations of public policy. The principle prohibiting such actions is not, as has been stated, "the product of any inherent disability of the child to sue its parent, but rather is based upon the interest that society has in preserving harmony in the domestic relations."

We are fully convinced that it would be a serious error if we were to apply that rule to the case at bar. There is a great difference, which is clearly obvious, between the question decided in the *Guerra* case, *supra*, and the question which we are called upon to decide here. The contention that to recognize that the daughter has a cause of action to recover compensation from the father who deprived her of the company, help, and care of the mother would be contrary to public policy, finds no justification here, where the family unity and the paterno-filial relations no longer exist, and, as a matter of fact, did not exist long before the death of the mother, who was divorced from the father. His relations

with his daughter, who was living under the mother's custody and *patria potestas*, were limited to the payment to her of an allowance for her support, which was obtained, incidentally, through judicial action.

It is clear that in the *Guerra* case there was something real which it was necessary to preserve by the application of that rule, something whose disruption had to be prevented not only for the welfare of the child but also for the benefit of social conditions. In turn, to forbid plaintiff therein to recover compensation from his father was fully justified. However, what is there in this case to be saved for the sake of public policy and which might be offered to the daughter in lieu of her claim against the father? To tell her that she has no right to claim and obtain pecuniary compensation from appellant would be tantamount to applying the rule without any basis, stretching its scope far beyond the limits imposed by the motives which inspire the rule, thereby committing an injustice, without any judicial ground to vindicate it. The rule which forbids a child to bring an action against its parents claiming compensation for fault or negligence may, at times, lead to severe and harsh consequences, and its scope should not be extended beyond the limits sanctioned by the reasons which lend it justification and support.

In view of the facts of this case, the contention that the daughter should be denied the right to claim compensation on the ground that the father could "in the future recover the *patria potestas* and the custody of the daughter," is without merit. The contention that "in the event of death" of the daughter appellant "would be the sole heir and would necessarily inherit the property which he would have to pay her if the judgment were affirmed," is also without merit. Those possibilities, which are more or less remote, cannot serve as a basis to defeat the action where there is no ground to invoke the rule on which our decision in the *Guerra* case, *supra*, was founded.

■ Appellant is right in maintaining that "the action for unlawful death which the heirs of a deceased may maintain against the wrongdoer is not a part of decedent's estate." *Díaz* v. *Water Resources Authority*, 71 P.R.R. 872; *Travieso* v. *Del Toro*, 74 P.R.R. 941. However, the fact that the lower court stated otherwise is immaterial, since it also reached the conclusion that plaintiff was entitled to claim compensation under § 1802, *supra*. In any event, an appeal is taken from the judgment itself and not from the grounds on which it is based. *Latorre* v. *Cruz*, 67 P.R.R. 696; *Hernández* v. *Caraballo*, 74 P.R.R. 27.

■■ The second assignment is to the effect that the lower court erred "in overruling the defense set up by defendant in his answer that the second cause of action does not contain sufficient facts to warrant the granting of relief to plaintiff." Appellant's contention is that the action for damages for unlawful death arises from the provisions of § 1802, to the effect that "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done," and that "since it is indispensable that there be an averment that the proximate cause of death was the fault or negligence of the person causing the same," such cause of action is necessarily defective for lack of such averment.

Plaintiff alleged that "The death of Iris Nereida Hernández was caused by strangulation by defendant Ramón Antonio Fournier by means of force or violence, and that her body was buried secretly by defendant himself in a clandestine grave in Fournier cemetery." That allegation is sufficient to charge appellant with the death of plaintiff's mother by a culpable act. If it had been improper, the defect would have been cured by the evidence. *Sosa* v. *Municipal Housing Authority*, 72 P.R.R. 764. The case of *Méndez* v. *Serracante*, 53 P.R.R. 807, cited by appellant, is easily distinguishable from the case at bar.

It is charged in the third assignment that the sum of $25,000, awarded as compensation, was excessive, and in the fourth that the imposition of attorney's fees did not lie since, in view of the ruling in the *Guerra* case, *supra*, appellant was not obstinate in opposing plaintiff's claims, and that in any event the award in the sum of $2,500 was excessive. We disagree. The errors assigned were not committed.

The error assigned by plaintiff in support of her appeal is that the amount of compensation was limited to $25,000, and she urges that it should be substantially increased. No sum of money will compensate her for the loss of her mother, but, it being necessary to fix the compensation, we cannot hold that the lower court erred in awarding the compensation challenged as inadequate.

The judgment appealed from will be affirmed.

Mr. Justice Marrero did not participate herein.